**CLD-024**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3167
_____

IN RE: JOHN J. POWERS,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 1:99-cr-00253-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 5, 2020

Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 30, 2020)
_____

OPINION[*]
_____

PER CURIAM

Petitioner John J. Powers seeks a writ of mandamus to compel the District Court

to reverse a decision it made on a motion that Powers filed.  For the reasons below, we

will deny his petition.

In 2018, Powers filed a motion in the District Court seeking to correct his

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

judgment and commitment order. Because a transcript of Powers' 2001 sentencing hearing was unavailable, Powers subsequently filed a motion to reconstruct the record based on his recollection of the hearing. The District Court considered his motion and denied it. Powers filed a notice of appeal seeking review of that decision shortly after. Two weeks later, Powers filed his present petition, asking this Court to compel the District Court to conclude that his reconstruction of the record is correct. He contends that the District Court has "refuse[d] to settle the record" and that he is thus entitled to relief. See Pet. at 16.

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (internal quotation marks and citation omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Powers fundamentally seeks review of the District Court's denial of his motion to reconstruct the record based on Powers' recollection of his sentencing hearing. However, mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004). Powers' petition extensively discusses his disagreement with the District Court's ruling, but Powers cannot claim that he has no other way of obtaining relief from that decision when he had an adequate opportunity to appeal. See In re Briscoe, 448 F.3d

2

201, 212-13 (3d Cir. 2006).  We express no opinion on the District Court's decision.

For these reasons, we will deny Powers' petition.